UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Powerlift Door Consultants, Inc., | Case No. 21-cv-1316 (WMW/ECW) |
| Plaintiff, | **ORDER** |
| v. | |
| Lynn Shepard et al., | |
| Defendants. | |

---

This matter is before the court on Defendants' motion to purge civil contempt. (Dkt. 79.) Plaintiff did not respond in the time permitted. *See* LR 7.1(b)(2) (providing that a response memorandum and supporting documents must be filed within seven days after the filing of a nondispositive motion). As such, Defendant's motion is unopposed.

In a July 12, 2021 Order, this Court granted Plaintiff's motion for a preliminary injunction. In a September 20, 2021 Order, this Court held Defendants and a third party, PowerTek Doors, LLC (PowerTek), in civil contempt for willfully refusing to comply with the Court's injunction. In relevant part, the Court's contempt order provides:

> Defendants and PowerTek shall, no later than 14 days after the date of this Order, file a motion to purge their civil contempt, together with evidence demonstrating their full compliance with the Court's July 12, 2021 Injunction Order, or evidence demonstrating an inability to comply despite a reasonable, good-faith effort to do so.

The Court also ordered that Defendants and PowerTek would incur a daily fine of $1,000, payable to the Court, if they failed to purge their contempt by October 4, 2021.

On October 1, 2021, Defendants filed the pending motion to purge contempt, together with a declaration and exhibit in support. These filings demonstrate that Defendants have complied with the Court's July 12, 2021 Injunction Order by ceasing use of Plaintiff's trademarks; ceased engaging in competitive business with Plaintiff; destroyed all copies of Plaintiff's operations manual; and provided Plaintiff with a copy of their costumer lists and contracts. Defendants concede, however, that they "have not paid all sums due Plaintiff." But Defendants' uncontroverted evidence demonstrates that they are unable to comply with this aspect of the Injunction Order, despite a reasonable, good-faith effort to do so, "because Plaintiff has not provided the amount due as was requested." As such, the Court concludes that Defendants have established that their civil contempt has been purged.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendants' unopposed motion to purge civil contempt, (Dkt. 79), is **GRANTED**, and no daily fine shall be imposed.

2. Plaintiff's motion for attorneys' fees and costs, (Dkt. 81), is taken under advisement on the written submissions.


Dated:  October 21, 2021                              s/Wilhelmina M. Wright            
                                                                                       Wilhelmina M. Wright
                                                                                       United States District Judge