UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Powerlift Door Consultants, Inc., | Case No. 21-cv-1316 (WMW/ECW) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Lynn D. Shepard, Jr., et al., | |
| Defendants. | |

---

In a September 20, 2021 Order, this Court granted Plaintiff Powerlift Door Consultant, Inc.'s (Powerlift) motion for civil contempt and imposed sanctions against Defendants, including an award of reasonable attorneys' fees and costs. Powerlift now moves for an award of $14,745 in attorneys' fees and costs pursuant to the contempt order. (Dkt. 81.) Defendants do not contest the reasonableness of the attorneys' fees and costs claimed by Powerlift. But Defendants object to the contempt order, including the imposition of monetary sanctions. For the reasons addressed below, Powerlift's motion for attorneys' fees and costs is granted.

## BACKGROUND

Powerlift is a South Dakota corporation operating in the hydraulic-lift-door industry and owns associated trademarks. Defendant Lynn D. Shepard, Jr., is the owner and operator of Defendant Rearden Steel Manufacturing LLC (Rearden), a Powerlift licensee. Rearden operates under the business name Powerlift Hydraulic Doors of

Florida. In 2014, Shepard, on behalf of Rearden, entered into a distribution agreement with Powerlift (Distribution Agreement).

Powerlift commenced this breach-of-contract and trademark-infringement action against Defendants in June 2021, alleging that Defendants breached the Distribution Agreement and continued to improperly use Powerlift's trademarks and confidential information. In a July 12, 2021 Order (Injunction Order), the Court granted Powerlift's motion for a preliminary injunction. Defendants appealed the Injunction Order to the United States Court of Appeals for the Eighth Circuit. On March 8, 2022, the Eighth Circuit dismissed Defendants' appeal for failure to prosecute.

While Defendants' appeal was pending, Powerlift moved for an order holding Defendants in civil contempt for refusing to comply with the Injunction Order. The Court granted Powerlift's motion in a September 20, 2021 order. In doing so, the Court found that Defendants had willfully refused to comply with the Injunction Order. The Court imposed both coercive sanctions, in the form of a daily fine,[1] and compensatory sanctions, in the form of the reasonable attorneys' fees and costs that Powerlift incurred in bringing its contempt motion. The Court directed Powerlift to file a motion and evidence in support of its request for an award of reasonable attorneys' fees and costs.

## ANALYSIS

"A district court may impose civil contempt sanctions for one of two purposes: to compensate parties aggrieved by contumacious conduct or to coerce compliance with the

---

[1] Defendants subsequently purged their contempt before the coercive daily fine took effect.

court's orders." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006). An award of reasonable attorneys' fees and costs incurred in bringing a contempt motion is within a district court's discretion. *See Reg'l Multiple Listing Serv. of Minn., Inc. v. Am. Home Realty Network, Inc.*, 960 F. Supp. 2d 958, 975–76 (D. Minn. 2013) (citing *Jake's, Ltd. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004)).

A district court has substantial discretion when determining the reasonableness of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000). The burden of establishing that the fees sought are reasonable rests with the party seeking attorneys' fees. *Hensley*, 461 U.S. at 437. Courts employ the lodestar method when determining the amount of reasonable attorneys' fees. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986). Under this method, the lodestar amount is presumed to be the reasonable fee to which counsel is entitled. *Id.* at 564; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). To calculate the lodestar amount, a district court multiplies the number of hours reasonably expended by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The party seeking an attorneys' fees award has the burden to establish entitlement to an award with documentation that addresses the nature of the work and the appropriateness of the hourly rates and hours

expended. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

Here, Powerlift seeks $14,343 in attorneys' fees and $402 in costs. As reflected in Powerlift's counsel's billing records, this amount is based on 35.1 hours of work performed by two attorneys, at hourly rates of $490 and $320.

Although Defendants do not challenge the reasonableness of the hourly rates charged by Powerlift's counsel, the Court nonetheless must confirm that the claimed hourly rates are reasonable. A district court may rely on its experience and knowledge of prevailing market rates to determine whether the claimed hourly rate is reasonable. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). A reasonable fee is "one that is adequate to attract competent counsel, but . . . [that does] not produce windfalls to attorneys." *McDonald*, 860 F.2d at 1458 (quoting *Blum*, 465 U.S. at 897). The "skill, experience, and reputation of counsel are key factors bearing on a rate's reasonableness." *Id.* at 1459. Here, Powerlift claims hours billed by attorneys Bryant D. Tchida and Kelly Engebretson of the law firm Moss & Barnett, P.A., in Minneapolis. The record reflects that Tchida has 20 years of litigation experience in Minnesota state and federal courts and that Engebretson is a shareholder at Moss & Barnett. The Court has considered these facts along with the Court's experience and knowledge of prevailing market rates. The Court concludes that Powerlift's claimed hourly rates are reasonable and consistent with the rates in this community for similar services by lawyers of comparable experience.

4

Defendant's also do not challenge the reasonableness of the number of hours Powerlift's attorneys expended. But the Court must independently evaluate the reasonableness of the number of hours expended. When conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted). As such, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* Here, the record reflects that Tchida and Engebretson spent 18.3 hours and 16.8 hours, respectively, preparing Powerlift's 22-page memorandum of law in support of its contempt motion and the evidence filed in support thereof. This work included communicating with and obtaining declarations from their clients; collecting and reviewing evidence; corresponding with Defendants; and researching, drafting, and reviewing the contempt motion. Moreover, the record reflects that Powerlift's attorneys eliminated charges for work that was unnecessary, duplicative or unrelated to Powerlift's contempt motion. Based on this record, the Court concludes that the number of hours expended by Powerlift's attorneys on the contempt motion was reasonable.

Finally, Powerlift seeks $402 in costs. Although Powerlift does not provide details as to these expenditures, Tchida attests that these costs are "related to [the] filing of the contempt motion." Defendants do not challenge the reasonableness of these costs. The Court finds that these costs reasonably relate to Powerlift's contempt motion and are reasonable in amount.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff Powerlift Door Consultants, Inc.'s motion for attorneys' fees and costs, (Dkt. 81), is **GRANTED** as addressed herein.

2. Plaintiff Powerlift Door Consultants, Inc., is awarded $14,343 in attorneys' fees and $402 in costs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 5, 2022                                             s/Wilhelmina M. Wright
                                                                              Wilhelmina M. Wright
                                                                              United States District Judge