UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Powerlift Door Consultants, Inc., *a South Dakota Corporation*,<br><br>Plaintiff,<br><br>v.<br><br>Lynn Shepard, an individual; Rearden Steel Manufacturing LLC *doing business as Powerlift Hydraulic Doors of Florida, a Florida limited liability company*; Rearden Steel Inc.; and ABC Corporation,<br><br>Defendants. | Case No. 21-cv-1316 (WMW/ECW)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on its April 7, 2022 Order requiring Defendants Lynn Shepard, Rearden Steel Manufacturing LLC d/b/a Powerlift Hydraulic Doors of Florida, and Rearden Steel, Inc. (collectively, "Defendants") to pay to Plaintiff Powerlift Door Consultants, Inc. ("Plaintiff" or "Powerlift") the amount of $12,816.25; Defendant Lynn Shepard's Request for Additional Time to Pay (Dkt. 143); and Plaintiff's Motion for a Finding of Civil Contempt (Dkt. 149). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

I.     <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

In its December 21, 2021 Order, this Court found that Powerlift was entitled to reasonable attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A) arising out of its Motion to Compel Discovery from Defendants (Dkt. 97). (Dkt. 121.) Powerlift

was ordered to file a declaration with respect to the reasonable costs and fees incurred in bringing the Motion to Compel, Defendants were afforded the opportunity to file an objection as to the amount sought, and Powerlift had the option of filing a reply. (*Id.*)

Plaintiff's counsel filed a declaration claiming that Powerlift reasonably incurred fees and costs in the amount of $12,816.25 in connection with its Motion to Compel. (Dkt. 123 ¶ 19.) Defendants, through their legal counsel, objected to the amount of fees.[1] (Dkt. 124.)

Ultimately, the Court ordered on April 7, 2022 as follows with respect to Plaintiff's request for attorneys' fees:

> Accordingly, based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:
>
> 1. Defendants shall pay to Plaintiff's attorneys their fees associated with the Motion to Compel (Dkt. 97) in the amount of $12,816.25.
>
> 2. Payment must be made by Defendants **within 30 days** of the date of this Order.

(Dkt. 138 at 5 (emphasis in original).)

Defendants' payment to Plaintiff according to the April 7 Order was due on May 9, 2022.[2] Defendants have made no payment on the $12,816.25 ordered as of the date of this Order.

---

[1] Defendants' counsel subsequently withdrew their representation in January 2022. (Dkt. 129.)

[2] Thirty days after April 7, 2022 was Saturday, May 7, 2022, however, based on the Federal Rules of Civil Procedure, the due date was extended to the next business day—Monday, May 9, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C).

On May 5, 2022, Defendant Lynn Shepard ("Shepard"), proceeding *pro se*, filed his Request for Additional Time to Pay (Dkt. 143), which provided in substantive part as follows:

> In response to the order dated April 7th 2022 for attorney's fees of $12,816.25 to be paid to Plaintiff within 30 days.
>
> I must respectfully request the court to grant an additional 120 Days to make this payment in full to Plaintiff.
>
> My company's ability to pay its obligations has been severely impacted by the Temporary Restraining Order. Currently, I am doing everything possible to avoid insolvency and remain open for business. It is my intent to comply with courts orders whenever possible, however in order to do this additional time will be necessary.
>
> Additionally, I do believe we have a forthcoming settlement conference pending in coming weeks, additional attorney's fees will surely be one of the topics to discuss on this date.

(*Id.*)

Shepard provided no evidence to support his claims and provided no representation with respect to his personal ability to pay the $12,816.25 owed, even though the Court's April 7 Order was as to all Defendants (including Shepard). There has been no response or payment from the other Defendants.[3]

---

[3] The Court notes that corporations and limited liability companies can only appear in federal court through legal counsel. *See Equal Emp't Opportunity Comm'n v. Leiferman Enters., LLC*, Civil No. 06-3841 (JNE/JJG), 2007 WL 9735090, at *1 (D. Minn. Mar. 23, 2007) (citing cases providing that a corporation cannot proceed *pro se*, that a layperson may not represent a corporation in judicial proceedings even if the individual is the company's sole owner or shareholder, and that the "same rule applies to partnerships and other unincorporated organizations").

Plaintiff opposes the requested extension (Dkt. 146), and brought the present Motion for a Finding of Civil Contempt ("Motion"), asking that the Court impose a fine in the amount of $100 each day of non-compliance for fourteen days on Defendants, jointly and severally, to be paid to the Court; and that if Defendants have not purged themselves of the contempt after fourteen days, that the fine then increase to a daily amount of $500 until Defendants prove full compliance with the Court's Order and purge themselves of their contempt. (Dkt. 151 at 7.) Plaintiff also seeks attorneys' fees and costs associated with bringing the Motion. (*Id.* at 8.)

At the June 23, 2022 hearing before the Court, Shepard represented that he does not contest the amount of attorneys' fees. However, he asserted that he did not have the ability to pay and relied on his pending motion for an extension of time to pay. Shepard claimed that he could provide proof of his inability to pay and claimed he did not know about the hearing on the Motion,[4] despite the fact that Plaintiff filed the Notice of Hearing on the Motion on May 12, 2022 (Dkt. 150) and Shepard had previously consented to receiving service electronically via CM/ECF (Dkt. 142). Shepard claimed that, while his businesses were not in bankruptcy, and while Rearden Steel, Inc., and Rearden Steel Manufacturing LLC were still in operation, those entities' incomes were reduced because of the injunction, with revenue down approximately 90% or more. That said, this Court reminded Shepard that the April 7 Order applied to all Defendants, including Shepard personally, and gave him the opportunity to submit documentation that

---

[4] Shepard needed to be contacted by Court staff at the time of the hearing to determine if he or the other Defendants would be making an appearance.

4

he and Rearden Steel, Inc., and Rearden Steel Manufacturing LLC were unable to pay the amount ordered by the Court. On June 30, 2022, Shepard submitted the profit and loss statements for 2020-2021 and 2021-2022 for Rearden Steel Manufacturing LLC, a balance sheet for June 2022 showing the amounts in Rearden Steel Manufacturing LLC's bank accounts and its assets and liability, a check detail for Rearden Steel Manufacturing LLC, and sales for Rearden Steel Manufacturing LLC, as well as a profit and loss statement for "Pirtek Treasure Coast" as of December 31, 2021. (Dkts. 162, 162-1 to 162-5.) Shepard filed no documentation for Rearden Steel, Inc. or Shepard individually.

Given this factual record, the Court will examine Shepard's request for an extension and Plaintiff's Motion for civil contempt.

## II.    LEGAL STANDARD

A court may compel a party to comply with a lawful court order under the contempt power of the court. *See* 18 U.S.C. § 401(3); Fed. R. Civ. P. 70(e) (court may hold party disobeying judgment for a specific act in contempt); *see also Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970) ("Courts have power to adjudge persons who wilfully disobey their orders to be in contempt and such power extends to both civil and criminal contempt.") (citing Fed. R. Civ. P. 70; 18 U.S.C. § 401; *United States v. United Mine Workers*, 330 U.S. 258, 302-03 (1947)); *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 381 F. Supp. 3d 1082, 1089 (D. Minn. 2019) ("18 U.S.C. § 401 establishes two classes of contempt—civil and criminal."); *BMO Harris Bank N.A. v. Alton Bean Trucking, Inc.*, No. 6:16-CV-6118, 2019 WL 2656215, at *2 (W.D. Ark. June 27, 2019) (citing and quoting the court's inherent authority, 18 U.S.C. § 401, and Fed. R. Civ. P. 70

5

as bases for court's civil contempt authority). "Civil contempt is 'designed both to coerce obedience and to compensate the complainant for losses sustained.'" *Edeh*, 2011 WL 4808194, at *3 (quoting *Chao v. McDowell*, 198 F. Supp. 2d 1093, 1098 (E.D. Mo. 2002)); *see also Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) ("Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both. Either incarceration or a fine may accomplish the purpose of coercion, while, where compensation is intended, a fine is imposed, payable to complainant.") (cleaned up). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers*, 207 F.3d at 504 (citing *United Mine Workers*, 330 U.S. at 290 n.56).

An order finding a litigant in contempt requires a "failure to comply with a 'clear and specific' underlying order." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (citation omitted). "Before a party can be held in contempt for violating a court order, [the party] must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." *Hazen v. Reagan*, 16 F.3d 921, 924 (8th Cir. 1994) (cleaned up). The party seeking civil contempt must prove by clear and convincing evidence "that the alleged contemnors violated a court order." *Chi. Truck Drivers*, 207 F.3d at 505. If the moving party produces such evidence, then the burden shifts to the non-moving party to show an inability to comply with the court order. *Id.* "[A]lleged contemnors defending on the ground of inability must establish: (1) that they

6

were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply." *Id.* at 506 (cleaned up). "Although magistrate judges do not themselves have contempt power, they may certify any contemptuous acts or conduct to a district judge, who may then adjudge that person or party in contempt 'by reason of the facts so certified.'" *Chi. Truck Drivers*, 207 F.3d at 504 ("In a proceeding before a magistrate judge, disobedience of a lawful order 'shall constitute a contempt of the district court for the district wherein the magistrate is sitting.'") (citing 28 U.S.C. § 636(e)); *see also CoKeM Int'l, Ltd. V. MSI Entm't LLC*, No. 19-cv-3114 (JRT/HB), 2021 WL 6425378, at *1 (D. Minn. Sept. 10, 2021) ("Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances.").

Moreover, under Rule 6 of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . . ."[5] Fed. R. Civ. P. 6(a).

---

[5] The Court also discusses Rule 60(b) of the Federal Rules of Civil Procedure to the extent applicable to the request for an extension below. (*See infra*, Section III.B.)

7

## III.  ANALYSIS

A.  **Civil Contempt**

1.  **Finding of Civil Contempt**

As discussed above, Plaintiff must prove by clear and convincing evidence "that the alleged contemnors violated a court order." *See Chi. Truck Drivers*, 207 F.3d at 505. Based on the fact that Defendants did not pay Plaintiff's $12,816.25 within 30 days of this Court's April 7, 2022 Order and in fact have yet to pay that amount, the Court recommends the conclusion that Plaintiff has made this showing of violation of the April 7 Order by clear and convincing evidence.

The fact that Defendants sought an extension of the Order based on a conclusory assertion by Shepard on May 5 that his "company's ability to pay its obligations has been severely impacted by the Temporary Restraining Order" is of no avail. First, Shepard cannot serve as his company's legal counsel and submit pleadings on their behalf. *See Leiferman Enters., LLC*, 2007 WL 9735090, at *1. More importantly, this request does not speak to Shepard's ability to pay the $12,816.25, even though he is a named Defendant and the Order was against all Defendants. At most, the Court finds that the request for an extension demonstrates Defendants' knowledge of the requirements of the Order and amounts to an intentionally dilatory act by Defendants seeking to avoid complying with the Order or to have the sanction included as part of a possible settlement related to the then-upcoming July 7, 2022 settlement conference, as was raised in the request for an extension. (Dkt. 143.) Moreover, the Court instructed Shepard at the hearing to provide evidence of his and his company's inability to pay, yet he continues to

8

evade the Court's April 7 Order by only providing financial information as to Rearden Steel Manufacturing LLC. (Dkt. 162-2.)

Here, where Powerlift has made the requisite showing that Defendants violated the April 7 Order, the burden shifts to Defendants to show an inability to comply. *See Chi. Truck Drivers*, 207 F.3d at 505. "[A]lleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply." *Id.* at 506 (cleaned up). Defendants have not met their burden. The only information provided to the Court was a set of financial documents for Rearden Steel Manufacturing LLC and "Pirtek Treasure Coast," with no affidavit or declaration as to their authenticity, and which as of July 30, 2022 show sizable assets, including bank accounts and a large amount in accounts receivables due. (Dkt. 162-2.) Shepard did not provide any bank account statements to validate the claimed amounts in the bank accounts. In addition, the records show that a loan was received by Rearden Steel Manufacturing LLC around May 2022 that was used to pay down other debts owed, including related to lawn services, vehicle loans, a Best Buy credit card, and tree removal, among other items. (Dkt. 162-4.) It is clear that Rearden Steel Manufacturing LLC chose to prioritize those debts and defy this Court's award order. Moreover, neither Shepard nor Rearden Steel, Inc. have provided the Court with any evidentiary basis for their inability to pay the $12,816.25 ordered. The Court need not reach whether Defendants' inability to comply was self-induced or they made in good faith all reasonable efforts to comply because they failed to meet the

"categorically and in detail" requirement.[6] *See Bricklayers & Allied Craftworkers Serv. Corp. v. Archithority United L.L.C.*, No. 19-CV-2588 (MJD/ECW), 2020 WL 7249860, at *10 (D. Minn. Nov. 3, 2020), *R. & R. adopted sub nom.*, 2020 WL 6938626 (D. Minn. Nov. 25, 2020) *(citing Chi. Truck Drivers*, 207 F.3d at 506).

In sum, for all these reasons, the Court recommends the conclusion that Defendants have not met their burden of showing an inability to comply and that they are each in civil contempt for their violations of the April 7, 2022 Order.

## 2.  Appropriate Contempt Sanctions

The question remains as to the appropriate sanction for Defendants' contempt. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both.  Either incarceration or a fine may accomplish the purpose of coercion, while, [w]here compensation is intended, a fine is imposed, payable to complainant." *Chi. Truck Drivers,* 207 F.3d at 505 (cleaned up).  "If a financial contempt sanction is intended to coerce compliance with an order, 'the sanction should be payable to the court, rather than to the opposing party.'" *World Wrestling Entm't, Inc. v. AWA Wrestling Entm't, Inc.*, No. 07-CV-2058-ADM-KMM, 2019 WL 2393062, at *1 (D. Minn. Apr. 12, 2019) (quoting *Chaganti*, 470 F.3d at 1224), *R.&R. adopted*, 2019 WL 2393009 (D. Minn. Apr. 30,

---

[6]   The Court also notes there is nothing in the record as of the date of this Report and Recommendation indicating that Defendants have attempted to comply with the Order by making even a partial payment, which telling based on the fact that even by virtue of their request for a 120-day extension, the amount owing would be due in early September 2022.

2019). "A compensatory sanction, on the other hand, may be paid to the complainant when the amount is based on evidence of the losses it sustained." *Id.* (citing *United Mine Workers*, 330 U.S. at 304). "Any sanction for civil contempt must not be punitive." *Id.* (citations omitted).

District courts have broad discretion in crafting a sanction to coerce compliance. *Edeh*, 2011 WL 4808194, at *3 (citing *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys.*, 369 F.3d 645, 657 (2d Cir. 2004)). A court should determine the amount of a coercive civil sanction after considering certain factors: "'the character and magnitude of the harm threatened by continued contumacy,' 'the probable effectiveness of any suggested sanction in bringing about the result desired,' and 'the amount of [the contemnor's] financial resources and the consequent seriousness of the burden' to that particular party." *Chaganti*, 470 F.3d at 1224 (alterations in original) (quoting *United Mine Workers*, 330 U.S. at 304); *see also Powerlift Door Consultants, Inc. v. Lynn Shepard et al.*, No. 21-CV-1316 (WMW/ECW), 2021 WL 4261251, at *9 (D. Minn. Sept. 20, 2021) (citations omitted), *appeal dismissed sub nom. Powerlift Door Consultants, Inc. v. Shepard*, No. 21-2600, 2022 WL 1194392 (8th Cir. Mar. 8, 2022); *Edeh*, 2011 WL 4808194, at *3 (citing *United Mine Workers*, 330 U.S. at 303-04) (listing four factors: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order.").

The harm from the noncompliance appears to be low in this case. The only harm to Plaintiff is the amount in attorneys' fees incurred by Plaintiff with respect to its Motion

11

to Compel. Obviously, having to pay unnecessary attorneys' fees amounts to a harm, but Plaintiff has not set forth evidence of any immediate hardship from the continued failure of Defendants to pay the attorneys' fees award. This factor is therefore neutral with respect to a financial sanction.

Regarding the second factor of the probable effectiveness of the sanction, Plaintiff argues that history has already proven that contempt orders are effective against Defendants. (Dkt. 151 at 6.) On September 20, 2021, United States District Judge Wilhelmina M. Wright found Defendants in civil contempt for willfully refusing to comply with the Court's July 12, 2021 injunction Order. (Dkt. 77.) That Order stated that Defendants and a third party would incur a daily fine of $1,000, payable to the Court, if they failed to purge their contempt by October 4, 2021. (*Id.* at 29.) On October 1, 2021, Defendants filed a motion to purge contempt, and demonstrated that they complied with the Court's July 12 Order. (Dkts. 79 & 91.) Given the effectiveness of the prior contempt order in gaining Defendants' compliance with an order of the Court and Defendants' claimed financial difficulties, the Court finds that "civil contempt is one of the few (if not the only) remaining tools left that might bring about compliance with the Court's Order. As a result, the Court concludes that this factor [ ] weighs in favor of contempt." *Paisley Park Enters., Inc. v. Boxill, No.* 17-CV-1212 (WMW/TNL), 2019 WL 2710703, at *4 (D. Minn. June 28, 2019).

The Court also finds Defendants' ability-to-pay arguments unpersuasive for the same reasons set forth above. (*See supra*, Section A.1.) This factor therefore favors

assessing a financial sanction on Defendants to compel their performance. *See Paisley Park Enters.*, 2019 WL 2710703, at *4.

The Court's fourth consideration is whether Defendants' noncompliance is willful. "A finding of 'willful disobedience' of a court order 'does not mean that the district court must find that the litigant acted in bad faith' [and] 'requires only that the litigant acted intentionally as opposed to accidentally or involuntarily.'" *Powerlift Door Consultants*, 2021 WL 4261251, at *9 (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). Defendants' noncompliance may have been motivated by business difficulties caused by the injunction order and a belief that settlement could have resolved this Court's discovery sanctions. However, this desire to avoid the Court's sanction through settlement demonstrates that their noncompliance was not accidental or involuntary, especially given the loan payment used to take care of other expenses. Rather, Defendants' noncompliance with the April 7 Order is intentional and, thus, willful.

\* \* \*

Based on the foregoing analysis, the Court concludes that a monetary sanction is warranted in this case until Defendants comply with the April 7 Order. As set forth previously, Plaintiff asks that the Court impose of a daily fine in the amount of $100 each day for fourteen days on Defendants, jointly and severally, to be paid to the Court; and that if Defendants have not purged themselves of the contempt after fourteen days, then increase the fine to a daily amount of $500 until Defendants prove full compliance with the Court's Order and purge themselves of their contempt. (Dkt. 151 at 7.) The Court

recommends that Defendants, jointly and severally, be fined $100 per day, if they do not comply with this Court's April 7, 2022 Order within seven (7) days of District Judge Wright ruling on this Report and Recommendation, until they have complied with the April 7, 2022 Order, and that if Defendants have not purged themselves of the contempt after fourteen (14) days of District Judge Wright adopting this Report and Recommendation, then the fine should be increased to a daily amount of $500 until Defendants prove full compliance with the Court's Order and purge themselves of their contempt.[7] The Court has considered Defendants' representations about their resources in recommending this fine and concludes that an initial $100 per day is not a great amount given the interests at issue—particularly when Defendants failed to provide sufficient proof of an inability to pay and in light of their repeated failures to follow the Court's orders. *See United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 913 (D. Minn. 2007) (fining defendant $5,000 per day because it "has repeatedly flouted" court orders).

### 3. Compensatory Sanctions

Powerlift also seeks its reasonable costs and attorneys' fees incurred in bringing this Motion. (Dkt. 151 at 8.) Having considered the parties' arguments and supporting evidence, the Court recommends imposing compensatory sanctions in the amount of Powerlift's reasonable attorneys' fees and costs expended in bringing the Motion for Contempt. Such sanctions are certainly appropriate, as Powerlift has been forced to

---

[7] The Court recommends seven days, rather than fourteen, due to the length of time Defendants have defied the Court's April 7 Order.

expend additional resources in seeking Defendants' compliance in relation to attorneys' fees owed under this Court's previous ruling. *See Chi. Truck Drivers*, 207 F.3d at 505 (civil contempt may be employed to compensate the complainant for losses sustained); *Powerlift Door Consultants*, 2021 WL 4261251, at *9-10; *Edeh*, 2011 WL 4808194, at *3 (same). The Court further recommends that, if District Judge Wright adopts this Report and Recommendation, Powerlift submit an affidavit regarding its attorneys' fees and costs associated with bringing the Motion within seven (7) days of that Order, and that Defendants be given seven (7) days to file any objections only as to the amount of the attorneys' fees and costs sought by Powerlift.

**B.    Motion for Extension**

As set forth above, Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . . ." Fed. R. Civ. P. 6(b)(1)(A). "In order to establish good cause pursuant to Rule 6(b)(1)(A), the moving party must demonstrate that it cannot reasonably meet the court's deadlines despite its diligence." *Davis v. Ace Hardware Corp.*, No. CV 12-1185-SLR-CJB, 2014 WL 2990329, at *2 (D. Del. July 2, 2014) (string citation omitted). The Court also notes that under Rule 60 of the Federal Rules of Civil Procedure, a court may relieve a party or its legal representative from a final judgment, order, or proceeding for a number of enumerated reasons, none of which are applicable here, as well as "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]ule 60(b)(6) remains 'an extraordinary remedy' for "exceptional

15

circumstances." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (quoting *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989)). Regardless of the applicable legal standard, the Court finds that the request for an extension should be denied.

As set forth above, neither Shepard nor Rearden Steel, Inc. provided any evidence demonstrating they were unable to pay $12,816.25 by the May deadline even after the additional opportunity provided by this Court at the June 23, 2022 hearing. Based on these Defendants' continued failure to follow this Court's direction, the Court does not believe that either would pay the amount even if they were given an extra 120 days. While the Court was provided with documents regarding Rearden Steel Manufacturing LLC's financial situation, for the same reasons stated forth above, the Court finds those documents do not establish an inability to pay the amount owed. Moreover, as previously mentioned, the proposed 120-day extension expires in early September and none of the Defendants have notified this Court of any attempts to pay the amount owing. Indeed, the Court finds that the request for an extension was merely a tactical decision to delay payment in hopes of avoiding having to comply with this Court's Order as part of a global settlement—as Shepard tacitly admits in his request for an extension. For all of these reasons, the Court finds no good cause or extortionary circumstances to warrant an extension of time to comply with the Court's Order and finds that the only way to ensure compliance is through a contempt order.

For all of the reasons stated forth above, the Request for an Extension should be denied.[8]

## IV. RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Defendant Lynn Shepard's Request for Additional Time to Pay (Dkt. 143) be **DENIED**.

2. Plaintiff's Motion for a Finding of Civil Contempt (Dkt. 149) be **GRANTED**.

3. Defendants Lynn Shepard, Rearden Steel Manufacturing LLC d/b/a Powerlift Hydraulic Doors of Florida, and Rearden Steel, Inc., jointly and severally, be held in contempt of this Court for having failed to obey the Court's April 7, 2022 Order (Dkt. 138).

4. Defendants, jointly and severally, be fined $100 per day, payable to the Court, if they do not comply with this Court's April 7 Order within seven (7) days of District Judge Wright ruling on this Report and Recommendation, to the extent that it is adopted, until they have complied with the April 7 Order by paying Plaintiff $12,816.25.

---

[8] The request also is denied because Shepard failed to comply with Local Rule 7.1 by failing to file a supporting memorandum of law, notice of motion, and proposed order. Regardless of his pro se status, Shepard must comply with the Local Rules for the District of Minnesota. *See Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015) ("Notwithstanding Plaintiff's pro se status, Plaintiff is still bound to comply with the Local Rules of this Court.") (citation omitted). A copy of the Local Rules can be found online at https://www.mnd.uscourts.gov/court-info/local-rules-and-orders.

5.If Defendants have not purged themselves of the contempt after fourteen (14) days of District Judge Wright adopting this Report and Recommendation, that the fine then be increased to a daily amount of $500 until Defendants prove full compliance with the Court's April 7, 2022 Order and purge themselves of their contempt.

6.Defendants be jointly and severally ordered to pay a compensatory financial sanction to Plaintiff in the amount of Plaintiff's reasonable attorneys' fees and costs incurred in seeking compliance with the April 7, 2022 Order with respect to bringing the Motion for a Finding of Civil Contempt (Dkt. 149).

7.Powerlift be required to submit an affidavit establishing its attorneys' fees and costs associated with bringing the Motion for a Finding of Civil Contempt (Dkt. 149) within seven (7) days of District Judge Wright's ruling on this Report and Recommendation, to the extent that its adopted, and that Defendants be given seven (7) days to file any objections only as to the amount of the attorneys' fees and costs sought by Powerlift.

Dated: August 17, 2022*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).