UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Powerlift Door Consultants, Inc., *a South Dakota Corporation*, | Case No. 21-cv-1316 (WMW/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Lynn Shepard, an individual; Rearden Steel Manufacturing LLC *doing business as Powerlift Hydraulic Doors of Florida, a Florida limited liability company*; Rearden Steel Inc.; and ABC Corporation, | |
| Defendants. | |

This matter is before the Court on Plaintiff Powerlift Door Consultants, Inc.'s ("Plaintiff or "Powerlift") Motion to Amend the Amended Pretrial Scheduling Order ("Motion") (Dkt. 169). No Defendant filed an opposition to this Motion. The Court issued an Order stating that it would decide the Motion without a hearing. (Dkt. 175) For all of the reasons set forth below, the Motion is granted in part and denied in part.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The initial Scheduling Order set forth deadlines governing this case, including, but not limited to, that the parties must commence fact discovery procedures in time to be completed on or before February 7, 2022. (Dkt. 75 at 2.)

In January 2020, the Court allowed Defendants' counsel to withdraw and stayed the case until February 14, 2022, to allow Defendants to retain new counsel. (Dkt. 129 at 3-4.) Defendants have not retained counsel, and in fact Defendant Lynn Shepard is

representing himself, while Plaintiff applied for and received Entry of Default from the Clerk of Court as to Defendants Rearden Steel Inc. and Rearden Steel Manufacturing LLC in early September 2022. (Dkts. 176-78.)

Based on the parties' stipulation (Dkt. 139), an Amended Pretrial Scheduling Order was entered on April 26, 2022. (Dkt. 141.) The operative Amended Pretrial Scheduling Order set the following deadlines:

1. The parties must commence fact discovery procedures in time to be completed on or before **August 15, 2022**.

2. All motions that seek to amend the pleadings or to add parties must be filed and served on or before **June 15, 2022**.

3. All non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **August 29, 2022**.

4. All dispositive motions shall be filed, served and scheduled on or before **October 15, 2022**.

5. This case will be ready for a jury trial on or about **February 15, 2023**.

(Dkt. 141 (emphasis in original).)

On June 8, 2022, this Court held a pre-discovery dispute conference regarding a dispute over Defendants' responses to certain of Plaintiff's discovery and Plaintiff's potential motion for civil contempt with respect to Defendants' purported failure to adhere to the Court's December 2021 Order (Dkt. 121) requiring Defendants, who were represented by counsel at that time, to fully respond to discovery requests. (Dkt. 160.) The Court ordered Plaintiff and Defendant Lynn Shepard to meet and confer by telephone immediately after the June 8, 2022 conference, and for Shepard to respond to

the requests by June 15, 2022 or explain why he could not do so. (*Id.*) The Court also provided that any party may bring an appropriate motion after June 15, 2022 if the issues were not resolved by then. (*Id.*) No such motion was filed.

On July 6, 2022, the parties engaged in an unsuccessful settlement conference with the Court. (Dkt. 165.)

Plaintiff's counsel asserts in her Declaration that on July 14, 2022, Plaintiff served its Third Set of Interrogatories, Third Set of Requests for Production of Documents, and its First Set of Requests for Admission (collectively, the "Discovery Requests") upon Shepard via certified United States Mail and also emailed a courtesy copy to Shepard on the same date. (Dkt. 173 ¶¶ 3-4.) As of the date of Plaintiff's Motion, Defendants have not responded to the Discovery Requests. (*Id.* ¶ 5.)

On August 10, 2022, Plaintiff's counsel contacted Shepard via email to discuss the Amended Pretrial Scheduling Order. (Dkt. 173 ¶ 6; Dkt. 173-1.) The parties discussed pushing back the deadlines again 2-3 months, as Plaintiff still needed to take Shepard's deposition, after he had responded to the Discovery Requests. (Dkt. 173 ¶ 7-9; Dkt. 173-1.) Plaintiff's counsel communicated that if Shepard was agreeable to the new timeline she would draft the stipulation. (Dkt. 173 ¶ 8; Dkt. 173-1.) On August 12, 2022, Shepard responded, "Yes, you can draft the document…. I have an initial consult scheduled for mid next week with a lawyer in MN to discuss this case and see if he is willing to enter an appearance." (Dkt. 173 ¶ 9; Dkt. 173-1.) On August 12, 2022, Plaintiff's counsel sent a draft stipulation pushing the deadlines back two months, but heard nothing back from Shepard until August 17, when he stated "I agree to all the

3

changes except the discovery period. That period has passed as of Aug 15. Let's move on." (Dkt. 173 ¶¶ 10-12; Dkt. 173-1.) On August 18, 2022, Plaintiff's counsel replied to Shepard, "The purpose of the stipulation is to push back all dates, including discovery. It doesn't make any sense to push back these deadlines if discovery isn't also extended. Call me today to discuss if you'd like." (Dkt. 173 ¶ 13; Dkt. 173-1.) Shepard responded on August 18, and stated, "I do not agree to extending discovery. I guess that means I do not agree to the stipulation." (Dkt. 173 ¶ 14; Dkt. 173-1.)

Plaintiff brought the present Motion on August 29, 2022. Plaintiff requests that the following deadlines contained in the Amended Pretrial Scheduling Order be extended by 60 days as follows:

   a.   The parties must commence fact discovery procedures in time to be completed on or before October 14, 2022.

   b.   All non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before October 28, 2022.

   c.   All dispositive motions shall be filed, served, and scheduled on or before December 14, 2022.

   d.   This case will be ready for a jury trial on or about April 17, 2023.

(Dkt. 174.)

As stated previously, Defendants offered no opposition to this Motion.

## II.   LEGAL STANDARD

Scheduling orders pursuant to Rule 16(b)(1) "assure[ ] that at some point both the parties and the pleadings will be fixed. . . ." Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment. Moreover, "Rule 16(b) assures that '[a] magistrate judge's

4

scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" *Archer Daniels Midland v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 582 (D. Minn. 1999) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, Local Rule 16.3 requires a party moving to modify a scheduling order to "establish good cause" for the proposed modification.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also* Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "[T]he 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule cannot be reasonably met despite the diligence of the party seeking the extension." *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 (D. Minn. 2000) (citation omitted).

While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, the Court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly

5

demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements").

### III. ANALYSIS

Powerlift argues that good cause exists to extend the Amended Scheduling Order because it has been forced to expend time filing numerous motions for a finding of civil contempt, including its most recent preparation to file a motion for contempt based on Defendants' alleged failure to adhere to the Court's December 2021 order requiring Defendants to fully respond to numerous discovery requests, and that only after the Court issued an Order in June 2022 requiring the parties to meet and confer did Defendants attempt to respond to the discovery requests. (Dkt. 172 at 5.) Powerlift also relied on its hope that the parties would reach a settlement at the July 7, 2022, conference, which resulted in Plaintiff deciding to wait to see if any settlement could be reached, and only after it was unsuccessful did Powerlift serve the additional Discovery Requests mailed on July 14, 2022. (*Id.*)

As a starting point, the fact that Powerlift wanted to wait to see if settlement negotiations would be successful before proceeding with additional discovery, while a tactical decision, does not amount to diligence for the purposes of good cause under Rule 16. *See Architectural BusStrut Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 2646808, at *6 (D. Minn. Mar. 8, 2021) ("However, the fact that ABC chose to delay discovery in this case based on a possible settlement or coordination of discovery is a 'tactical decision' that does not provide sufficient good cause to modify a pretrial scheduling order under Rule 16.") (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d

748, 759-60 (8th Cir. 2006) (holding that "tactical decision[s]" do not provide good cause to modify a scheduling order)) (citation omitted).

However, discovery in this case has been delayed by Defendants' pro se status, and Shepard's apparent failure to even comply with the Court's discovery Order through at least June 2022. This Court finds that Defendants' dilatory conduct with respect to discovery coupled with the importance of the deposition of one of the named Defendants (Shepard) constitutes good cause for a limited extension with respect to the Amended Scheduling Order.

Local Rule 16.3(c) provides that "If a party moves to modify a scheduling order's discovery deadlines, the party must also: (1) describe what discovery remains to be completed. . . ." D. Minn. LR 16.3(c). Here, the only discovery that remains (according to Powerlift) is Shepard's deposition, subject to his outstanding responses to the July 14, 2022 Discovery Requests. The Court will not allow an unfettered extension of fact discovery and consequently limits the extension of fact discovery to Shepard's deposition. The Court also will extend the remaining deadlines, including the non-dispositive motion deadline, to the extent that Defendants need to bring any motions relating to the Shepard's deposition or the Discovery Requests.

## IV.   ORDER

Accordingly, based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.     Plaintiff's Motion to Amend the Amended Pretrial Scheduling Order (Dkt. 169) is **GRANTED** in part and **DENIED** in part.

2. The Amended Pretrial Scheduling Order is amended as follows:

   a. The parties must complete the deposition of Defendant Lynn Shepard on or before **October 24, 2022**.

   b. All non-dispositive motions and supporting documents relating to the deposition of Defendant Lynn Shepard and the July 14, 2022 Discovery Requests must be filed and served on or before **October 31, 2022**.

   c. Counsel for the moving party shall contact Mona Eckroad, Courtroom Deputy for District Judge Wilhelmina Wright, at (651)-848-1640, no later than **October 24, 2022** to schedule a hearing for a dispositive motion, if any. Counsel are reminded that at least two (2) to three (3) months advance notice is necessary to place a dispositive motion on the calendar. All dispositive motions and supporting papers (motion, notice of motion, memorandum of law, affidavits and exhibits and proposed order) shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1; however, unless otherwise directed by the Court, the moving party's motion papers shall not be filed until forty-two (42) days prior to the scheduled hearing date and any reply memorandum shall be filed at least fourteen (14) days prior to the scheduled hearing date.

   d. This case will be ready for a jury trial on or about **February 27, 2023**.

   e. All other deadlines remain unchanged.

DATED: September 26, 2022              *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge

8